IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06MJ132 |
| | ) | |
| JORGE GONZALEZ | ) | |

## ORDER OF DETENTION ON MOTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held on this 28th day of November, 2006, pursuant to the *Government's Motion for Detention Hearing (Doc. 3, Nov. 22, 2006)*. After due consideration of the testimonial evidence, the court concludes that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

There is a serious risk that the defendant, Jorge Gonzalez ("Gonzalez") will flee.

### Part II - Written Statement of Reasons for Detention

Gonzalez, a United States citizen residing and working as a truck driver in Texas, is charged in a criminal complaint filed November 22, 2006, with smuggling $132,615.00 in United States currency into or out of the United States, in violation of 31 U.S.C. §5332. After hearing all relevant testimony at the Preliminary Hearing consolidated with this detention hearing, the court has found probable cause to believe that Gonzalez has committed the crime charged .

The court received relevant testimony from Robert Thornton, an agent with the Alabama Department of Public Safety assigned to a drug task force, and from Supervisory Probation Officer Sandra Wood. Defense counsel proffered the defendant's intent to return to his longtime residence in Texas, if released on bond, and to work in the oil fields.

According to Agent Thornton, on November 21, 2006, an Alabama state trooper stopped Gonzalez as he drove a tractor-trailer truck southbound on Interstate 85 in Montgomery County; he

observed the truck crossing the lanes inappropriately and repeatedly and also observed Gonzalez appearing to watch the trooper's car repeatedly. Gonzalez consented to the trooper's search of his trailer but not the tractor; a narcotics canine summoned to the scene alerted to the presence of narcotics at the tractor, and the ensuing search revealed a box containing packaged bundles of currency totaling $132,615.00. After being advised of his Miranda rights, Gonzalez admitted that the currency represented the proceeds of 10 kilograms of cocaine he had delivered from Texas to High Point, North Carolina, and he was enroute to Mexico to deliver the currency. He identified the Mexico-based man who had enlisted his courier services and acknowledged that he had made similar runs for him for more than a year. He also described how he managed to evade border patrol to cross the border from Texas into Mexico.

Gonzalez has no ties to the state of Alabama save for an outstanding arrest warrant in Hoover, Alabama. Now age 30, he was born in McAllen, Texas, and has lived in that area for most of his life. He does not possess a passport. Though Gonzalez and his parents are naturalized citizens who are longtime residents of Texas, his incentive to flee is heightened both by the nature of his commitment to the Mexico-based drug dealer who is owed the currency (which is the subject of the criminal complaint) and by the potential of his incarceration in Alabama on this charge as well as another outstanding warrant issued by the Hoover, Alabama police department for failure to appear on a traffic offense. Additionally, Gonzalez remains on a five-year term of probation imposed for a cocaine possession conviction in Hildago Co., TX on January 23, 2002. His experience as a truck driver and as a United States citizen able to cross the border into Mexico readily enhance his flight risk even if the court required him to engage in different work and be supervised in Texas.

After due consideration of the evidence in light of the factors set forth in 18 U.S.C. § 3142(g), the court concurs with the probation officer's judgment that no condition or combination

2

of conditions will reasonably assure the defendant's appearance as required and the safety of the community.   Accordingly, it is **ORDERED that the *Government's Motion for Detention Hearing* (Doc. 3) is now GRANTED to the extent of its request for detention.**

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE THIS 28th   day of November, 2006.

>                         **/s/ Delores R. Boyd**
>                         DELORES R. BOYD
>                         UNITED STATES MAGISTRATE JUDGE